16-15848, the American Civil Liberties Union of Florida v. the City of Sarasota, and Michael Jackson. Mr. Stevenson. May it please the Court. The District Court erred when it resolved a factual dispute without following the required procedure. Before you get into the essence of your argument, I have two preliminary questions that have bothered me. Can we ask that, and then I want to interrupt your flow as you get into it. Here are the two questions. Does a state law enforcement officer have to get a special warrant to install one of these Stingray devices, or are you just talking about a PIN register, and after that they are able to do it? Is there a special order for this particular device that they have to get? Or is it just a regular old PIN register order? I am not, I will confess, I'm not sure. This case obviously does not, there's, I think you're spot on that there is two considerations to be thought of. One is, because of Stingray, these devices have a limited range, law enforcement first must figure out where to deploy the Stingray. And they do that by asking the telephone company, where is your subscriber? Once they know the neighborhood or the apartment complex that the subscriber is, then they can, and then, and only then can they deploy the Stingray device. So maybe it's not a second order. You're just not sure of that. And so obviously this case involves the first order to actually get the telephone company, to compel the telephone company to provide the neighborhood where they could deploy the Stingray. I will confess, I'm not sure about the second order. My estimation is that it is necessary, but I can't speak to it directly. My second question is, you've already obtained documentation on two out of these 34 applications that Michael Jackson filed with the court. You did that under procedures that allowed you to get sealed court records. I don't know what they are. Why, if you can do that, are we here on this case, why can't you just employ that procedure and get all those records from the state court? I think there are two answers to that. The first is that the Florida public records law mandate, and this is the records law that applies to agency records or executive records, as opposed to a Florida Supreme Court rule that applies to and discusses how a person might go about getting public access to a sealed court document. The public records law. But my question, you got two. I don't know how you got them. Why don't you do the same thing you did for those two 34 different times? I understand, but the public records law is certainly not defeated. It's a practical question. These are hard legal questions. If you can walk into the courthouse tomorrow and do whatever you did with those two, why are we here? Why don't you just do that? I would love to answer that question. Good. The public records law is not defeated by the availability of alternative routes. Nobody said it was. Why don't you do what I suggested? The first and probably minor point is at the time we requested the records, at the time we filed the lawsuit, the records were held exclusively by an executive agency, by the Sarasota police. I understood that, but they don't now. They're in the court. We couldn't have gone to court at that time. Right. Which I think goes to your bigger question, and I think that frankly is the bigger question at the heart of this case. I mean, your answer is you could go to court tomorrow and get the other 34, and you choose not to. Yeah, but there's another reason that this case continues in its current posture, and it's to expose and correct the duplicity of sworn or dual sworn officers. In this case, we have a Detective Jackson. Are we talking attorney's fees? Is that what we're talking about? The only reason you're not taking a simple way of going to court, but staying here is for attorney's fees? No, Your Honor. It's not about attorney's fees. But I still don't understand why you don't do what I suggested. We find something deeply troubling with a purported, the federal government is contending that Michael Jackson, Detective Jackson was a federal officer when he applied for and received the state court stingray orders. We find it deeply troubling that a federal agent is going to state court for judicial oversight. This is essentially what it is when you're going to get a pen registry order. The mandates of the United States Supreme Court, this is in the Rhea decision we cite in our brief, is that the obligation of the federal agent is to obey the federal court rules. Here we have what is purported to be a federal agent going to state court. The question is why would he want to do that? What is the benefit to be had? You've answered my question sufficiently, so I'll let you get back into your argument. Doesn't Rule 41 say even a federal agent can go to a state judge? They don't have to go to a federal judge. They do. Rule 41 does provide an exception. When a federal magistrate is unavailable, I mean it's quite shocking that the federal magistrate was unavailable every single time Detective Jackson sought a pen registry order. Who were they looking for? They were, my understanding, and we have a list of the cases that they sought these requests for, at least in some of the circumstances they were looking for fugitives. State fugitives or federal fugitives? State fugitives. And the only reason why Uncle Sam was involved was because they have these memorandum of understandings that these Deputy U.S. Marshals can work on these task force looking for state fugitives. Otherwise, they wouldn't be out there looking for them. I think that's correct. Right? Right. So what's the harm then in a state officer who's got this dual authorization to go into a state judge? If they went to a federal judge, you'd never get them. And I think that's precisely it. If you went to a federal court, you wouldn't because federal law, Congress has realized there are certain privacy concerns that people should have in their whereabouts, that telephone companies have a tremendous ability to relay information to law enforcement about the whereabouts of their subscribers. And for that reason, Congress has specifically limited federal agents' authority and ability to get the subscriber's information, the location, the subscriber's location through a pen registry order. And you have to have more. Most courts, and I think the Department of Justice's perspective today, is that you need a warrant, a Rule 41 warrant. So when faced with this dilemma of, you're right, they would never get it from a federal court, and Congress certainly has some deep concerns about offering up a subscriber's physical location upon mere proffer that it would be related to an ongoing criminal investigation. Congress certainly wants more. The United States Supreme Court says if you're- But here, it's really not a criminal investigation. They're looking for a fugitive who already has a warrant issued for that person's arrest. That's all they're doing is trying to track down where these people are located. Sure. And not trying to prove that he was the bank robber. I think the standard under both federal and state law with respect to pen registry is that you have to prove that it's relevant to an ongoing criminal investigation. And so I guess it comes back to the question, why is it, what is wrong with a state law enforcement officer going to a state court to get a state order? There isn't. But the government's contention is he wasn't a state law enforcement officer. He was a federal officer when he did that. Mr. Stephenson, we're talking a lot about what it seems to me are the merits of your mandamus petition. But the district court never ruled on the merits of your mandamus petition because it found that there was no jurisdiction. Essentially. Well, I would respectfully disagree. Because it found, well, the district court found that the deputy was acting as a federal law enforcement officer, right? He did for jurisdictional purposes, yes. Correct. And then refused to overturn the decision initially entered by the state court that there was no jurisdiction because the state public records law didn't apply in that sort of circumstance. Have I got that right? I would respectfully disagree. I think, let me touch on this, two points. The first question is, what did the state court judge say? The state court judge said the Florida public record law does not apply to federal agents. Correct. Not that I can't reach or order federal agents to do something. I know. It's just inapplicable. That is a failure to state a cause of action is what that is. Well, that goes into the whole Bellevue hood distinction between failure to state something that's enough to attach jurisdiction and failure to allege enough to get you a claim on the merits. But at the end of the day, your claim was not dismissed on the merits, right? It's my understanding, and I think a plain reading of the district court's ruling, is that it was dismissed for failure to state a cause of action. Continually, the district court references the state court order that says Florida records law does not apply to federal agents. And then the district court also said, explain explicitly the basis of the dismissal because the plaintiffs cannot allege, or the plaintiffs can allege no claim under state law they cite for access to the federal records they seek. Hold on one second. Tony, can you please add five minutes for him and then we'll give Mr. Flynn and Mr. Schultz an additional amount of time as well, please? Give him five and then give them five too, right? Split it evenly for them. Thank you. Go ahead. With respect to the, admittably, in the district court, or I'm sorry, in the state court's order, the state court does reference jurisdiction. I think that this is simply bearing out that there is some inconsistency in state law with respect to how a petition for records, if it does not state a cause of action, what should happen? Okay, let's, whatever you think the basis was, you had started to argue before we talked about the nature of these applications that you thought the district court had improperly resolved factual disputes. So you want to return to that? Yes. The district court's ruling could be thought of as either a dismissal for failure to state a cause of action, a summary judgment ruling after fact finding, or a dismissal for lack of jurisdiction. In any of those cases, in all of those cases, it either should have accepted the ACLU's allegations as true or permitted it notice and an opportunity to discover facts supporting its position. And I would note that these facts were nearly exclusively held by the government. With respect to a dismissal for failure to state a cause of action, it's clearly black-letter law that the court needs to look only at the complaint. And our complaint clearly specifies that Michael Jackson, Detective Jackson, created or received the requested state sting orders and applications in its capacity as a Sarasota detective. And you obviously think the interrogatories that the district judge ordered were insufficient to give you the full range of discovery you needed. Could you tell us what kind of discovery you'd be looking for if we remand this case? Yes, Your Honor. Under Florida law, when you apply for a pen registry order, the agency and the officer who makes the application must specify the agency, and this is singular, not plural, the agency requesting the pen registry order. Usually that's included in the first sentence of the application or many times right below the signature block. We know, as Detective Jackson explained to us, that he signed one of them, Detective Jackson, Sarasota Police. In fact, the state court order... Yes, so I'm asking what are you asking for in discovery? You want them... In other words, you don't want to just go with these two. You want the other 30-some-odd. Precisely. And you want in each of those redacting names and assuming the case is closed, you want to know what agency was specified in each of those. That's exactly right. And what else do you want to know? We would also want to know what was the lead criminal agency. So what agency... That's the same thing you just said, right? It could be different. And the reason why I say that is I believe Detective Jackson submitted pen registry orders on behalf of Sarasota Sheriff, and that's an example. What else do you want to know? And I think this, of course, would go to what's the point of this. The third thing that I think we would be particularly interested in is were these orders sought to establish probable cause to justify an arrest warrant or were they sought to effect an already outstanding warrant? Why would that matter? It would go to the U.S. Marshals. Whether or not they sought them for the right purpose or wrong purpose, what matters to you is on whose behalf they were sought. Sure. Is that not correct? But the U.S. Marshal does not seek... It's not within its purview to assist local law enforcement agencies develop a criminal case. It's within their purview to assist local law enforcement agencies to apprehend a fugitive. So this is probative to who is behind the wheel. Do you want paper discovery or depositions too? We would like a deposition of Detective Jackson. The fourth thing is the process and oversight of the federal authorities in these regards. How is the case adopted? What happens? Who's carrying this out? It could very well be in a number of these cases where the Sarasota police was seeking a fugitive. It could be that they got the order and then it was just the Sarasota police folks who were looking for the guy and that no one besides Detective Jackson and his colleagues on the Sarasota police were, in fact, looking for these people. That would be very probative of who's carrying this out. The fifth thing is... In other words, the government would be better off just to give you your documents redacted and be done with all this. They're going to have more. If you succeed, they're going to have more litigation just by this process than they would otherwise until suit number two starts. I think the government has traditionally and consistently taken a very hard line about sharing any information about how it uses stingrays, what the capacities are. They have a lot of gag orders. I know of certain cases where state prosecutors have dropped cases once the defense attorney asked for the stingray records. This is a very sensitive issue for them for whatever reason. If we were a man, we'd got to know what discovery we'd say is permissible so we're not back here again. This is the extent of what you'd want to know? The fifth thing is that I would like to get a copy of the current memorandum of understanding. Of course, the one that we have that's in the record specifies who retains custody of the records for the task force, the U.S. Marshall Task Force. It says the agency that refers it to the task force is the responsible agency. That's in page one. On page three, it explains that the responsible agency retains the records. By my reading, when the Sarasota Police Department asks the task force for assistance, it's the responsible agency, and therefore they are the custodians of the record. All right, Mr. Stevenson, we've taken you way over your time. We'll give you your full time for rebuttal. Thank you. Three for Mr. Flynn and two for Mr. Schultz. Mr. Flynn. May it please the Court, Sean Flynn on behalf of the United States of America and Special Deputy United States Marshal Michael Jackson. The simplest reason why this Court should affirm was readily apparent from the face of the petition. The United States Marshal Service, in accordance with the Department of Justice TUI regulations, instructed Special Deputy U.S. Marshal Jackson not to disclose the information at issue here, and the state court lacked jurisdiction to compel him to do so, contrary to those instructions. For that reason. Once you put the case into federal court, now it becomes a federal court matter. And you're essentially removing on federal officer grounds through 1361, and the balance of power shifts because under certain circumstances, federal courts have some authority to require federal officials to disclose or comply with certain discovery requests. Correct, Your Honor. First, if the court is exercising the derivative jurisdiction of the state court, then the district court does not assume that authority. But putting that aside, if it does. When you removed, when you removed, you made it a federal question case. Correct. Right, because 1361 says that's what you removed under. On several grounds, Your Honor, including that. No, no, you removed on two grounds and two grounds only. You removed on federal question ground, 1331, right? No, 1361. 1361. 1361. Yeah, that's it. The wording of that is have federal jurisdiction over state mandamus petition to compel a federal officer to perform a duty on to the plaintiff. That's what 1361 is. That's exactly right. And so you used a permissible method, given the language of 1361, to get the case post-judgment from state court to federal court, and you've now made this federal question because 1361 says that the federal district courts have original jurisdiction in these matters. So now this is sort of a mix of federal and state. It's like a federal question case. You know what it's like? It's like a federal torts claims act case where you've got federal question jurisdiction, but you're looking to substantive state law to figure out the answer to the question about liability and damages. So this is not a normal state court case where a state court might not have had the authority to compel a federal official to comply with state law. No more. Your Honor, even conceding that the district court has original jurisdiction. Well, it has to. If not, the case shouldn't be there, right? And we should send it back. Well, no, because we were moved on two grounds, 1441 and 1442. But I'd like to put that aside because I'm not disputing that. No, no, no. Don't. Let's not go there. Okay. So you said that this court has jurisdiction under 1331 and 1361. Correct. And that you're removing pursuant to 1446. Correct. Okay. What else is there? I'm remembering incorrectly then, Your Honor, because as I recall, we removed under both 1441 and 1442. And your last sentence says that you want it removed to the Middle District of Florida Tampa Division where the circuit court resides. And then you cite 1441 and 1442 without any explanation of anything. Correct. What does that mean? Well, we removed it based on 1441, which includes the original jurisdiction of the court, as Your Honor. Original jurisdiction because it's federal question? Yes, because it's a federal question. Okay. For those two grounds. And what does 1442 add to the mix for you? And 1442 is the federal officer removal statute. Then why didn't you say that in the body of the removal petition? Why don't you say you're removing pursuant to 1442 as well? Again, Your Honor, as I recall, that's what we did. That's in the removal. It says 1442, and we attached a declaration from Special Deputy United States Marshal Jackson in support of that. Okay. Let's put all that aside. Okay. But putting that aside. Let's put all that aside. Let's talk about this. Sure. Do you think that the dismissal was on the merits for failure to state a claim or for lack of jurisdiction or that it doesn't matter? It does matter, and it was for lack of subject matter jurisdiction. Okay. The procedural history of the case was that the state court very clearly dismissed for lack of subject matter jurisdiction. I thought it said that the statute just doesn't reach you. Isn't that a Bell v. Hood problem that you can't convert a failure to state a claim into a jurisdictional dismissal unless the jurisdictional allegations are patently frivolous? The state court said, and I quote, the court does not have jurisdiction over the petition as pled. It made a specific finding that the court does not have jurisdiction. And what was argued at that hearing? That was obviously incorrect at the time that it occurred, right? That the court lacked jurisdiction? Yeah. The reason is very simple. From my perspective, I don't prefer to speak for my colleagues. At the state court hearing, no one presented any evidence whatsoever, as far as I can tell, of the deputy's status. It was a mere representation of one or two assistant U.S. attorneys. Am I right about that? No, Your Honor, because I agree with you. There was no evidence presented, but the face of the petition. No, no, no, no. The face of the petition called into question the jurisdiction. No, hold on. There was no evidence presented at the hearing to the state court about his status, correct? Correct. And our law is very clear that the statements of counsel at a hearing do not constitute evidence. Am I right about that? That is generally correct unless the other side does not object to it. No, no, no, no, no, no. Unless the other side stipulates or agrees. If the other side stays mute because it doesn't know, that's not a stipulation or a concession. Your Honor. You cannot proceed on a factual issue simply based on the representation of one side of a dispute in an adversary system about what the facts are. Well, again, it was more than that, Your Honor, because of the face of the petition, but in addition. Did the petition say in part that he was acting as a state law enforcement officer? Correct. Isn't that enough to create an issue of fact? No. No. No, because the United States, pursuant to its TUI regulations, instructed Special Deputy U.S. There was no evidence of any of that presented. Your Honor. You're asking a judge. All of us, Judge Lessinger currently and Judge Carnes and I were district judges. You can't walk into a court, whether you're acting on behalf of the government or a private litigant, make a representation contrary to what the other side is alleging and have the court accept your representation and deny relief to the other side. Unless there's a stipulation that those facts are correct, there's no such concession or stipulation here. Your Honor. All we did was confirm what was already in the petition. In the petition sets forth that the United States Marshals Service instructed that these documents not be disclosed. That's in their petition. And all we did was confirm that at the hearing and make the legal argument that pursuant to the federal housekeeping statute, 5 U.S.C. 301, and the Department of Justice's TUI regulations, he has no authority to disclose that information contrary to those regulations. But that begs the question whether or not he's a federal officer. It totally begs the question. He gets paid by the state. So obviously there's some issue whether or not he is a federal officer. There was no evidence presented. Well, even in their petition, they recognize that he was a special deputy U.S. Marshal. It's never been a question in this case whether he is one. The question is what hat he was wearing at the time he created the records. So what they're really arguing is that the Department of Justice overreached by instructing him not to disclose these records. And there's judicial review available for them in district court, not state court, pursuant to the Administrative Procedures Act. That is the proper mechanism for challenging the Department of Justice's instructions pursuant to TUI. If you establish all of the factual underpinnings of that premise, yes. But, okay, let's move to the district court now. Sure. Did the district court dismiss on jurisdictional grounds or failure to state a claim grounds? The district court denied the Rule 59 motion, which was the original dismissal was on jurisdictional grounds. So this was jurisdictional too? Yes, Your Honor. Okay. Then after that was dismissed, the court entered a separate order asking them to identify how this case can proceed. They failed to do so. Instead of articulating how they could proceed, given that the court had already dismissed the current case for lack of subject matter jurisdiction, they failed to do so and instead basically tried to re-argue what had already been decided by both the state court and the district court. Then the district court said, you failed to identify how this case can go forward. You failed to articulate a claim for release. So you're saying that there was a dismissal by denying the Rule 59 motion and that dismissal was based on jurisdictional grounds? Absolutely. Then why under our standards, why wasn't jurisdictional discovery available to the ACLU? Well, for a couple of reasons. First, you only have jurisdictional discovery if it matters. It does matter here. Okay. Let's give you a hypothetical that is far removed from this case. Okay? Sure. If he's not a federal official and he's not deputized by the U.S. Marshal Service, is there a dismissal for lack of jurisdiction? No. So it matters whether he's a federal law enforcement agent or not when he's doing these things. Does it not? No. Not when he's doing these things. It matters whether the Department of Justice can instruct him not to turn over the documents. Okay. Then let's flip the question. If the Department of Justice didn't instruct him to do this, is there jurisdiction? If the Department of Justice did not instruct him, if 2E didn't apply because the 2E regulations presume you can't. If the Department of Justice never told him anything, do you get dismissal due to lack of subject matter jurisdiction? If he was just a state detective. Yes. Then no. Then it matters. Correct. But in the petition, again, they identify him, and he never disputed that he's a special deputy U.S. Marshal. That question is not in dispute. It is in dispute. It's a question of what he was wearing at the time. It is in dispute. Some of the applications indicate that he was not, if you view them in the light most favorable to the ACLU now that we have some of them, indicate that he was seeking them or may have been seeking them on behalf of state law enforcement agencies and not the federal government. Do they not? You're correct. But, again, it goes to that's a question as to whether the department overreached by telling him he couldn't disclose these. No. It goes to whether or not the government told him anything at all. You're asking a court to accept his declaration and his answers to the court's limited interrogatories as correct at face value without anybody being able to question them in any way, shape, or form. And that, it seems to me, is very, very different from the adversarial model that we normally encounter in court. I'm not saying they win on the merits of their mandamus petition. I'm questioning whether or not you can completely cut off discovery to them on the crucial issue of whether or not he was a federal law enforcement officer at the time he asked for these things, right, and whether or not the government told him don't disclose any of this stuff. They've never asked for a discovery on whether the government told him not to disclose because in their petition it puts forth that the government told him not to disclose. That's not in dispute. That's never been in dispute. That's what they've been told. That's what they've been told. You can't allege anything else under Rule 11 than what you've been told. But they have to have a plausible basis for arguing that he was told not to do it. First off. Let me ask you this. Doesn't the fact that the district court judge thought the facts were deficient? He did interrogatories. He didn't just look at a piece of paper. He said answer these questions. The fact that he did that meant that he thought there was some factual question here. And the fact that he did that without giving the ACLU a chance themselves to address the facts or to flesh the facts out, that shows facts are important here, don't they? Well, I think there's alternative ways in how the district court can find that there's lack of subject matter jurisdiction. There's the facial argument, which I've been talking about this morning. You're saying there's no factual question. The judge ruled based on a partial set of facts, basic summary judgment law. You don't let one side win based on some facts it presents without giving the other side a chance to have discovery and produce its own facts. Basic rule 56 law. Right. And I do not believe this was decided on rule 56 law. But the court did permit discovery. The court propounded its own discovery. And there's no practical distinction between the district court propounding its own discovery or entering an order limiting the ACLU to discovery based on those issues. They had discovery. What they're arguing is that they didn't think that that was enough. And that's decided on abuse of discretion grounds. The district court is in power to determine how much discovery is permissible. And what they were asking for is the merits of the case, the actual applications and orders at issue here. And the district court was correct by limiting their discovery. But no one is suggesting, at least I'm certainly not suggesting, that they get all the discovery that Mr. Stevenson has said he wants at this point in time. That's not the issue. We're not bound by what a party is asking for. The question is whether or not they were entitled to get something beyond. For example, the district court limited discovery to the two applications before and one after. Correct. What if there were problems with some of the ones that the district court didn't ask about? That's something that pops into my mind. But what problems would they have discovered in this case? Nobody knows. Because the United States has instructed them they can't turn this over. He answered the questions propounded to him by the district court. Because he was allowed to do so. But he has no discretion to make that determination, Your Honor. But who's to say that if the ACLU asked him the same questions the district court asked him about all of the applications, who's to say that he'd be instructed not to answer those? Because he's already, until he has authority, start off with the premise that you don't have authority. But you don't get authority until you have a request. Correct. So if you get a request that says tell me the same thing the district court asked you, but tell me about all of the applications, who's to say that the Department of Justice is not going to let him answer those interrogatories? We don't know because we don't know. Correct. But that's not what's been before the court. You're wrong about that. The Department of Justice II regulations say he's not authorized to provide information. Starts off with the premise you're not authorized. But he provided some. Because the department permitted him to answer those questions. Because there were interrogatories that triggered the department making a decision about whether to let him answer. But unless you have a request, you're putting the cart before the proverbial horse. Well, if you go back, sorry. You'd be in a different position if the interrogatories, their discovery they propounded, the DOJ told them, no, no, no, you can't answer. You'd be in a whole different ballgame. But that's never been done. DOJ has never exercised discretion on that point. Respectfully, Your Honor, it exercised discretion from the beginning of this case and told him not to disclose this information. And then it changed his mind. It changed his mind when they got interrogatories from the district court. For that limited purpose, Your Honor. Of course. Then who's to say that they're not going to change their minds again? But, Your Honor, this is a petition for Mank Damas to disclose information. And those documents, the United States instructed him not to disclose from the beginning. That's what this lawsuit is about. Not this other discovery that he wants to get into that's beyond the scope of the Mank Damas petition. Records that he was improperly keeping, right? Yes. The original applications and orders should have been filed with the clerk. Had the ACLU not filed this case, heaven knows whether they still would have been in the deputy's garage. Well, I don't think that's fair, Your Honor. Where did he have them? Excuse me? Where did he have them? In his office. He maintained them. He didn't destroy them. He didn't hide them. He had them. And if they would have petitioned the state court to unseal these documents, then the state court would have realized that they didn't have them and could have instructed him to file them as he should have done initially, which we concede. And, in fact, the United States hasn't been hiding anything. We voluntarily filed all these applications and orders under seal as soon as it was brought to our attention that our special deputy marshal neglected to do so. The question is not whether or not he is required to turn over the things that the ACLU wants him to turn over. The question is, in your words, whether or not there is jurisdiction. Correct. And a question that is important in that point is whether or not some discovery should have been allowed. And you think the answer to that is a clear no. The answer is a clear no because the question is, and this goes back to the Supreme Court's case, United States v. Toohey. The state court has no jurisdiction to compel a special deputy U.S. marshal to turn over documents that he's been instructed not to by his agency pursuant to the Toohey regulations. Okay? So no discovery is needed to decide that issue. But putting that aside. And why is that? Because he says so? Because the department says so. Did the department file anything in this case to say that? First off, the – Did the department file anything in this case to say that? In his application – Did the department file anything in this case to say that? The answer is no. He filed it. And he says the department told me X. The department filed it on his behalf, Your Honor. The Department of Justice filed his – Whose declaration is it? It's his declaration, and he's being – it's his declaration, but he's a federal officer, and he's being compelled – or they're attempting to compel him to produce documents that the federal government says are their documents. And he has no discretion to do that. And if they disagree with that order, then, again, there is judicial review available, but that's through the Administrative Procedures Act. Or they could have made a FOIA request, as was identified in Exhibit 2 to their petition. Or, excuse me, Exhibit – yeah, Exhibit 2 to their petition. And they just chose not to do that. But they're not – you know, the government is not preventing these documents. All the government is saying is that the state court lacks jurisdiction. There's been no waiver of sovereign immunity to allow these documents to be compelled to be produced pursuant to Florida public records law. And you may be right about that at the ultimate point, but there was no jurisdiction, according to the district courts. It never reached the merits of TUI. But you don't need to read – first off, you don't even get to TUI until there's a final agency decision, correct? And then they have to do an action pursuant to the Administrative Procedures Act. But none of that – None of that's happened. None of that was – No one's stopping them. None of that was discussed by the district court below. Because they never did it, Your Honor. That's on them. Because they're not proceeding under TUI. They're proceeding under Florida public records law, which you removed to federal court on federal question jurisdiction. Correct. But you don't waive sovereign immunity. You don't get to skirt the TUI regulations by filing a lawsuit under Florida law. And that's what's happening here. There's no waiver of sovereign immunity, and it's their burden to prove that there's been a waiver of sovereign immunity. How do they do that? How do they do that without discovery? The waiver of – When the party that has all the information is telling you that the world is X, how do you try to prove the world is Y? The Congress has waived sovereign immunity to allow them to do that pursuant to the Administrative Procedures Act. But no discovery – No, that's – Only Congress can waive it. That's to get to the ultimate relief, not to get to the question of whether or not TUI even applies and whether or not he's even a federal official. All right. I know we probably have a disagreement on this point, and I've taken you way beyond, Mr. Flynn, but I really appreciate the dialogue. Thank you, Your Honor. Mr. Schultz. I thought you'd want to stay away from this mess as far as you possibly could, but I guess not. So welcome to the fire. Here in Atlanta. I'm Thomas Schultz for the city of Sarasota, and what I'd like to talk about is the forest. The forest in this case is the fact that the records being sought by the ACLU in its sworn mandamus petition are sealed Florida judicial records. They have said and sworn not once but twice in their petition, and I'll quote from it. The records they seek are, quote, records of the judicial branch within the meeting of the Florida Rules of Judicial Procedure, and then they cite to the rule. These are Florida judicial records. The Florida Supreme Court has answered a certified question in Times Publishing. That certified question was, are Florida judicial records subject to mandamus petitions or other relief under the Florida Public Agencies Records Act? That's what we call Chapter 119. That's the act that they cited in their petition. That's the relief they're seeking here. The Florida Supreme Court definitively answered that question. No, Florida judicial records are not subject to Chapter 119 nor under a mandamus petition under Chapter 119. The problem is that that issue was not addressed below. Nobody asserted an exemption from Chapter 119 below on state law grounds, and the district, the state court did not dismiss on that ground, right? Incorrect, Your Honor. Let's look at this, and by the way, if I may also correct you as well. Who appeared at the hearing before the state court judge? I did, Your Honor. Okay, and did you raise that issue? Exactly. And did the state court base its dismissal, whether on the merits or jurisdictionally, for that reason or not? Yes, and I'll read from the state court order. The court does not have jurisdiction over the pleading as pled. Court records, federal documents, and federal criminal investigations are not subject to Chapter 119. So Judge Williams, first of all, in his list of reasons why it did not state a cause of action, pointed out court records are not subject to 119. Unfortunately, these issues, which I call the trees in the case, not the forest, about whether Jackson was a federal or city officer have consumed the attention of the federal court below. And, Your Honor, the state court also cited to the Morris Publishing case, which I presented to the court, when it was talking about, quote, therefore the act does not govern access to judicial records. Citation to Morris Publishing Group, a First District Court of Appeal case, which ruled exactly on that point, consistent with Times Publishing. And, Your Honor, I must respectfully correct you. From the outset, I, on behalf of the city, urged the federal court that this mandamus petition did not state a cause of action because it was seeking sealed Florida judicial records. So the dismissal, did the district court, in your opinion, accept your argument or rule on the trees? He ruled on the trees and he reached the correct result for what the ACLU states is the wrong reason, but it is still the correct result. I put before Judge Meredith Morris Publishing and all of the arguments regarding the fact that these are sealed Florida judicial records. The court did not reject those arguments, just didn't address them. Didn't pass on them. Did not pass on them, simply, and I would disagree with the U.S. attorney for a moment. The way I read Judge Meredith's order is he's dismissing for failure to state a claim rather than dismissing for jurisdictional purposes. The... Well, he and Judge Meredith, to even be in his court, you have to be a federal officer, so he's sort of stuck with that tree, isn't he? That's... Because maybe you're thinking it would have been a good idea never to remove the federal court and we'd be done. I agree, certainly the city didn't petition to remove, but that issue, as interesting as it is for an academic discussion, consumed the federal court and the arguments with the city being left continually trying to get the federal court's attention that these are sealed Florida judicial records over which Chapter 119 does not apply. If you look at the transcript of the federal magistrate Wilson's hearing on the ACLU's motion to conduct discovery, I was urging the magistrate and inviting the ACLU to come to Sarasota and start filing those motions and petitions to unseal these records. My first question of the ACLU today, right, why don't they do that? Exactly, and it's all set out in the Florida Rules of Judicial Administration. Judge Wilson... He didn't allow that discovery. He did not allow the discovery in the federal case because what the ACL was seeking is, we'd like to have copies of these sealed petitions in order. Well, that's the relief that they're seeking under 119. Right, that's the merit of the mandamus petition. And the records are sealed, so what do we do when we've got a state court order sealing these applications and petitions and a federal magistrate saying release these sealed orders and petitions and Detective Jackson further testify about the content of these sealed orders and petitions. The Florida Rules of Judicial Administration address the confidentiality of sealed court orders. I note in the reply brief of the ACLU, they try to make a distinction between sealed court orders and not disclosing information in a sealed court order. They cite to a Texas case. In Florida, there's no distinction. If the court record is sealed, that information is confidential until the court unseals it. There are sanctions contained within Rule of Judicial Administration 4.20, and I'll just cite to the provision, it's subsection I-5, which states that if any person, party or non-party, reveals confidential information to the public, that person shall be subject to sanction by the court. So the ACLU was asking the court to issue a subpoena to Detective Jackson, have Detective Jackson come to a deposition and violate a Florida state court order by revealing confidential information. And that's why we have urged the ACLU for the last two years to file these petitions under the Florida Rule of Judicial Administration. And in fact, Judge Wilson said, I'm kind of paraphrasing here, but he did say, why don't you guys do that? And then he also said, What's the answer to that? The answer was, well, we don't have to do that because under Warden v. Bennett, they say, well, we can do public records or we can do a judicial administration motion. So we can do a public records request or we can do that. Well, that's incorrect, Your Honor. That's not what Warden says. Warden dealt with state college records that a person made a public records request for under 119, and the trial court erroneously said, well, you know what? Yes, those records exist, but you can obtain those records through the collective bargaining process. That was exactly wrong, and the district court said that's wrong. They were public records. Bennett, Warden did not deal with judicial records. Times Publishing dealt with judicial records, and the Florida Supreme Court has unmistakably said that Chapter 119 does not apply to judicial records. How do you suggest we get out of the trees and get back to the forest? What are you asking us to do? Your Honors, can Affirm Judge Maraday, based upon under CLOSE, you have a case in this circuit called CLOSE, which stands for the proposition, I'm sure you're familiar with it, that you should not reverse a lower court order if the lower court used incorrect reasoning in achieving its order. If there is a correct reason in the record supporting the end result, and in this case the correct reason in the record is that they are seeking Florida judicial records, this mandamus petition did not state a cause of action under 119 on the day it was filed, and State Judge Williams recognized that, and as I said, unfortunately, the federal district court instead began focusing on all these other federal state officer issues that were being raised by the ACLU. So is your proposed resolution the same if the dismissal was for lack of jurisdiction as opposed to dismissal on the merits for failure to state a claim? I don't know the answer to that, Your Honor. That's a hard question, I think. I just don't know. But I read, as Your Honors were asking the U.S. Attorney questions about whether it was jurisdiction or failure to state a cause of action. I look at Judge Meredith's holding on the last page of his order, and he states, quote, because the plaintiffs can allege no claim under the state law they cite for access to the federal records they seek, this action is dismissed. I don't view that holding as a dismissal for lack of jurisdiction, but rather for failure to state a claim. The other issue that I... We've taken you way over your time, so... Should I conclude, Your Honor? Sure. The other point is, if this thing were remanded, and this is another point we were trying to raise in the district court, what are they asking the district court to do? They're asking the district court to issue a petition for mandamus to the clerk of the Sarasota Circuit Court to seven different Florida state judges, because the records have to be unsealed for these to become public. They have to. And the only way that you can do that is really under the rules of judicial administration, but the ACLU is suggesting, I suppose, that the federal court can order state court judges to walk into their chambers, and the federal court can order these state court judges to unseal them. This is supposed to be a wrap-up, not a separate argument, but... I'm sorry. And I cite to Moy in my case, Moy v. DeKalb, Superior, on that. So we ask that this court, on behalf of the city of Sarasota, to affirm Judge Meredith's order for dismissing. All right. Thank you very much, Mr. Schultz. Mr. Stevenson. Instead of dwelling on the question of the state court records, obviously we're not asking the court to, the district, federal district court, to compel a state court to hand over its records. These records are held by the agency. They're held by Detective Jackson. And so... You're asking him to violate state law. In other words, you're asking, there may be some records in the court, but you're, I don't know if he, you're asking, well, he doesn't have them anymore. You're asking somebody to violate Florida state law. Well, Detective Jackson or the folks at the U.S. Marshal's office, because I think they came down to Sarasota and took physical custody of the records. What are they supposed to do if it's, you're asking them to violate Florida law by trying to... With respect, we are not asking them to violate Florida law. Florida law makes a distinction between a sealed record and a order for nondisclosure. In fact, they make that distinction specifically in the pen registry statute. It says the records, when filed in the court, will be sealed. And when you give a copy of this order to the telephone company, don't disclose it. It would be redundant, entirely redundant, if sealed records always couldn't be disclosed. Sealed records protect people from getting the record from the court. But I thought your adversary just said the law generally, forget the telephone company, says if something's sealed, you can't turn it over. I disagree. The officer made a copy of something, but he can't turn it over if it's a sealed record. I would respectfully disagree with my friend. I think Florida law is clear. And I don't recall, did your briefing address any of your disagreement? We did in our reply address, I think, all these plaintiff questions about court records versus 119. And I'll rely on the brief for that. What I'd like to do is get back to the allegations. The face of the petition did not call into question the jurisdiction. The simple assertion that Detective Jackson was also a cross-born federal agent doesn't mean that he applied for the requested records in that capacity. Similarly, simply because we noted the reason why we hadn't gotten the records, as relayed to us by the city of Sarasota, is because the U.S. Marshal's Office has instructed the city of Sarasota not to release them, again, it's not our allegation. We're just relaying what we were told. With respect to TUI, I know there was a lot of discussion about TUI, and frankly, I am lost on this one. And the reason I'm lost is because the TUI statute, my reading of it, applies when the United States government is not a party. By virtue of the removal, by virtue of Detective Jackson claiming to be a federal agent, I think by all accounts, he is a party. So this is not a state court action where we're looking for records from a federal agent. This is now a federal action with the federal government involved as a party. Obviously, we didn't frame it that way. We don't view TUI as a dispositive even at the state court level because we don't contend he is a federal agent when he applied for these records. We contend he was a state agent. Well, how can you have the argument both ways? He is a federal agent, but he's not a federal agent. If he's not a federal agent and the records aren't federal records, then what's wrong with Judge Merriday's dismissal of the case saying, we don't have jurisdiction over here? Let me address that because I think the question is dismissal on jurisdiction, again, is a bit befuddling to me. The district court spent two or three pages explaining why it has jurisdiction. I'm not sure how it's then turning around and dismissing the case for lack of jurisdiction. That would be a very strange twist right after it found it had jurisdiction. What I think it did is provisionally found it had jurisdiction to let the case proceed, and this is what the courts have proposed, most notably in Morrison. That's what you're supposed to do. If the jurisdictional question is wrapped up with the merits, and here it is, we get the records because he was a state actor under the state public records law, is clearly germane to the question of the jurisdiction of whether he's a federal actor and we should be in federal court to have a federal court to resolve this question. And so when the jurisdictional question and the merits question are intertwined, it's imperative what the district court do. It's clear. You accept jurisdiction, and then you resolve the case on the merits. And so what we have is a merits decision without an adequate record. Well, right now you want more discovery, but I think initially when it was removed, you didn't think it should be removed. You thought it should be remanded. Is that what you would like now? Would you like it remanded back to state court? We filed three motions on the same day. Would you like it remanded now back to the state? For lack of federal jurisdiction. Whatever reason you got. Is that what you want? What do you want? What I want is I want this court to take a serious look at what is arguably the most troubling issue in this case, and it's what appears to be a federal officer seeking oversight from a state court. Now that's a broader question than we can decide. Is it your druthers that you'd rather have discovery here, or you want to get remanded back to the state? What's your preference? I'm not sure I have an answer. You must know. You've been doing this for a couple years. What do you want? I was hoping to get it resolved today instead of having to answer that question. But I will say this does present a – I mean, if you go back to state court, what you've got left is an appeal. Right. So you're appealing to the DCA for the denial of your mandamus petition. Sure. So you've got to prevail on appeal in a Florida intermediate court of appeal. Yeah, but I think a ruling from this court or the district court that Detective Jackson was not a federal agent when he applied for the records, I think we have a pretty clear path to appeal. I'm not sure you can get that from us because you want discovery. You think you need discovery to flesh out the issue. Sure. And as the record stands now, I don't think you can say that as a matter of undisputed fact. I think that's correct. Yeah, so I think what we need is discovery. And, frankly, that's what the court does propose when there is a question of a – In other words, by removing, the government has given – federal government has given you more opportunities than you would likely have had in state court. That is arguably true, although under state court, we should have gotten discovery on this jurisdictional question too before they dismissed. All right. Okay, Mr. Stevenson, thank you very much. Thank you all. It's been very helpful. We appreciate it. Thank you. Thank you. Our final case today –